### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### LITTLE ROCK DIVISION

TAVARUS MONTGOMERY                                                                    PLAINTIFF
ADC #134297

V.                                      NO: 4:09CV00666 JMM

JERRY G. JONES *et al.*                                                                DEFENDANTS

### ORDER

Plaintiff, currently held at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this *pro se* complaint (docket entry #1), pursuant to 42 U.S.C. § 1983, on August 10, 2009. Plaintiff named 11 Defendants: Jerry G. Jones, director of pediatrics at the University of Arkansas for Medical Sciences ("UAMS"); Karen Farst, a UAMS physician; Ashley Gonzales, a UAMS pediatric employee; Thomas Mars, director of the Arkansas State Police; Vicki Keathley, a Little Rock Police sergeant; Steven Moore and Tommy Hudson, Little Rock Police detectives; Denese R. Fletcher, an attorney; Shelia Campbell, an attorney; Terry Raney Ball, a Pulaski County prosecutor; and Jeanna Notto, a Pulaski County prosecutor who was a former public defender. Because Plaintiff's complaint fails to state a claim upon which relief may be granted, it will be dismissed.

### I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2)

1

requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's complaint, he was sentenced to prison for first degree murder in connection with the death of a child. The Defendants fall into three broad groups: the medical personnel involved in the treatment of the child, police officers, and the attorneys involved in Plaintiff's trial. Plaintiff seeks damages, a new trial, and "correct[ion]" of his "illegal sentence."

*A. Medical Personnel*

Plaintiff asserts that Farst and Gonzales offered inappropriate or false testimony at his trial, and that Gonzales failed to follow appropriate medical protocol in treating the child. Plaintiff alleges that he filed a formal complaint regarding Farst and Gonzales with Jones, and never received a response. Witnesses are absolutely immune from lawsuits based on their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983); *Murphy v. Morris*, 849 F.2d 1101, 1104 (8th Cir. 1988). Thus,

Plaintiff has no claim against Farst or Gonzales for their trial testimony.  Additionally, any failure to follow appropriate medical protocol in the treatment of the child is of no constitutional import to Plaintiff.  Finally, Jones is under no constitutional mandate to respond to Plaintiff's formal complaints.  Accordingly, Plaintiff has failed to state a claim for relief against Farst, Gonzales, or Jones.

B.  *Police officers*

Plaintiff asserts that Keathley failed to read him his *Miranda*[1] rights, violated departmental protocol, and testified against him.  Moore is alleged to have failed to read him his *Miranda* rights, and to have committed perjury in his testimony.  Plaintiff also claims that the Moore who testified against him is not the Moore who interviewed him.  Plaintiff contends that Hudson also committed perjury at the trial.  Plaintiff alleges that he filed a complaint regarding Keathley, Moore, and Hudson, with Mars, but that Mars never responded.

As discussed earlier, witnesses are absolutely immune from suit based on their testimony.  Therefore, Plaintiff has no claim against Keathley, Moore, or Hudson, for their alleged perjury.  Additionally, even if Plaintiff were not read his *Miranda* rights, such a claim is not actionable in a civil rights lawsuit.  Rather, the remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination.  *See Hannon v. Sanner*, 441 F.3d 635, 636 (8th Cir. 2006); *Brock v. Logan County Sherif's Dep't*, 3 F.3d 1215, 1217 (8th Cir. 1993) (per curiam); *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir. 1989) (en banc).  Mars's failure to investigate Plaintiff's allegations does not itself amount to a violation of Plaintiff's constitutional rights.  Thus, Plaintiff has failed to state a claim for relief against Keathley, Moore, Hudson, or Mars.

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

*C. Attorneys*

Finally, Plaintiff has no claim against any of the attorneys involved in his trial. When a prosecutor is acting as advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process. *Id.*; *Imbler v. Pachtman*, 424 U.S. 409, 430-431 n. 33. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996)(noting that where the prosecutor is acting as an advocate for the state in a criminal prosecution, the prosecutor is entitled to absolute immunity). Thus, as prosecutors, Ball and Notto are immune for their conduct at his trial, and Plaintiff has failed to state a claim for relief against them.

Plaintiff has no civil rights claim against either Ball or Fletcher, his attorneys, because they are not state actors. To state a cognizable claim for money damages under 42 U.S.C. § 1983, Plaintiff must allege that the conduct of a defendant acting "under color of state law" deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). There is no evidence that either attorney was a state actor. Even if they were appointed, an appointed public defender, does not act under color of state law when performing the traditional functions of a defense counsel. *See Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("It is the function of the public defender to enter 'not guilty' pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions").

Therefore, because Plaintiff has failed to state an actionable civil rights claim against any Defendant, his complaint must be dismissed. To the extent that Plaintiff is seeking to overturn his conviction, the Court notes that Plaintiff's only remedy for challenging the lawfulness of his continued incarceration is a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254. *See also Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that a defendant must fully exhaust all available state remedies before commencing a federal *habeas* action); *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (if judgment in favor of a prisoner in a § 1983 action would necessarily imply the invalidity of the conviction, continued imprisonment, or sentence, then no claim for damages lies unless the conviction or sentence is reversed, expunged or called into question by issuance of a federal writ of *habeas corpus*).

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this 8th day of September, 2009.

UNITED STATES DISTRICT JUDGE